| | |
|---|---|
| 1 | BENJAMIN B. WAGNER<br>United States Attorney |
| 2 | KYLE REARDON |
| 3 | Assistant United States Attorney<br>501 I Street, Suite 10-100 |
| 4 | Sacramento, CA 95814 |
| 5 | Telephone: (916) 554-2700<br>Facsimile: (916) 554-2900 |



FILED

SEP -5 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-0190 MCE |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: June 19, 2014<br>TIME: 9:00 a.m. |
| SHANNTAYE EBONY HICKS, | COURT: Hon. Morrison C. England, Jr. |
| Defendant. | |

## I. INTRODUCTION

### A. Scope of Agreement

The Superseding Indictment in this case charges the defendant with a violation of four counts of sex trafficking of a minor, or by force, fraud and coercion, in violation of 18 U.S.C. § 1591; two counts of transportation of a minor, in violation of 18 U.S.C. § 2423(a); one count of production of child pornography, in violation of 18 U.S.C. § 2251(a); and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(2)(B). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting,

1

PLEA AGREEMENT
UNITED STATES V. HICKS
2:13-CR-0190 MCE

administrative, or regulatory authorities.

B. **Court Not a Party**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the Superseding Indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II. DEFENDANT'S OBLIGATIONS

A. **Guilty Plea**

The defendant will plead guilty to to Count Two and Count Three of the Superseding Indictment, both charging her with Transportation of a Minor, in violation of 18 U.S.C. § 2423(a). The defendant agrees that she is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that she will not be allowed to withdraw her plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by her in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil

proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

The defendant acknowledges that the crime to which she is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and agrees that she not aruge for release following entry of her plea.

**B.    Fine**

The defendant agrees to pay a fine as ordered by the Court.

**C.    Special Assessment**

The defendant agrees to pay a special assessment of $200. If the defendant is unable to pay the special assessment at the time of sentencing, she agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**D.    Agreement to Cooperate**

The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this plea agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

3

PLEA AGREEMENT
UNITED STATES v. HICKS
2:13-CR-0190 MCE

E.  **Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, cooperating or not, violates this plea agreement in any way, withdraws her plea, or tries to withdraw her plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a cooperating defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws her plea, or tries to withdraw her plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of

the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

F. **Forfeiture**

The defendant agrees to forfeit to the United States voluntarily and immediately all of her right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. §§ 2428(b)

The defendant agrees to fully assist the government in the forfeiture of any items subject to forfeiture as part of this plea agreement, and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of her assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any property subject to forfeiture as part of this plea agreement in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive her right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives her right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional,

5

PLEA AGREEMENT
UNITED STATES V. HICKS
2:13-CR-0190 MCE

legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### G. Sex Registration/DNA Testing

The defendant understands and agrees that as a consequence of her conviction for the crime to which she is pleading guilty, she will be required to register as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA),1 and the laws of the state of her residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250. The defendant also understands and agrees that as a consequence of her convictions she will be ordered to submit to the collection of her DNA.

### III. THE GOVERNMENT'S OBLIGATIONS

### A. Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Superseding Indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs III.B.3 (Cooperation), II.E (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

### B. Recommendations

#### 1. Incarceration Range

The government will recommend that the defendant be sentenced to the bottom of the applicable guideline range for her offense. The parties anticipate that this range will be 292 to 365 months.

## 2. Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if she clearly demonstrates acceptance of responsibility for her conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

## 3. Reduction of Sentence for Cooperation

The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced by up to 50% of the applicable guideline sentence if she provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. The defendant understands that she must comply with paragraph II.D (Agreement to Cooperate) and not violate this plea agreement, as set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein. The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance.

The defendant understands that the government may recommend a reduction in her sentence of less than 50% or no reduction at all; depending upon the level of assistance the government determines that the defendant has provided.

The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that this plea agreement confers no right upon the defendant to require that the government make a § 5K1.1 motion, and that this plea agreement confers no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion. In particular, the defendant agrees not to try to file a motion to withdraw her guilty plea based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less

than the defendant thinks is appropriate.

If the government determines that the defendant has provided further cooperation within one year following her sentencing, the government may move for a further reduction of her sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

### C. Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, her attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

Further, other than as set forth above, the government agrees that any incriminating information provided by the defendant during her cooperation will not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8., unless the information is used to respond to representations made to the Court by the defendant, or on her behalf, that contradict information provided by the defendant during her cooperation.

### IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

1. Transportation of a Minor in violation of 18 U.S.C. § 2423(a)
   a. The defendant knowingly transported a minor, that is, a person under the age of 18;
   b. The defendant transported the minor knowing that she was under the age of 18;
   c. The defendant transported the minor in interstate commerce; and
   d. The purpose of the transport was to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.

The defendant fully understands the nature and elements of the crimes charged in the Superseding Indictment to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty

The maximum sentence that the Court can impose for each violation of 18 U.S.C. § 2423(a) is not less than 10 years and up to life imprisonment, a fine of $ 250,000, a term of supervised release of not less than five years and up to life, and a special assessment of $100. The charges to which defendant is pleading guilty carries a ten-year mandatory minimum sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e). In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that she will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release

The defendant understands that if she violates a condition of supervised release at

any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve no less than two additional years of imprisonment. The defendant also understand that if she commits any felony offense under Chapter 109A, 110, or 117, or section 1201 or 1591 of the United States Code, the Court shall revoke the term of supervised release and require the defendant to serve a term of no less than five years imprisonment under 18 U.S.C. § 3583(e)(3) without regard to the exceptions contained therein.

### VI. SENTENCING DETERMINATION

#### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

#### B. Guideline Calculations

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1. **Offense Level:**

    a. <u>Base Offense Level</u>: The base offense level is 28. <u>See</u> U.S.S.G. § 2G1.3(a)(3).

    b. <u>Specific Offense Characteristics</u>:

    1) Two levels are added because a participant unduly influenced a minor to engage in prohibited sexual conduct. <u>Id.</u> at (b)(2)(B).

    2) Two levels are added because the offense involved a commercial sex act. <u>Id.</u> at (b)(4).

    3) Four levels are added because the offense involved no fewer than four total victims. <u>Id.</u> at (d)(1).

2. **Total Offense Level:** The total offense level is 36.

3. **Chapter 3 Adjustments:**

    a. <u>Acceptance of Responsibility</u>: See paragraph III(B)(2) above.

    b. Two levels are added because the defendant obstructed justice. <u>See</u> U.S.S.G. § 3C1.1.

4. **Chapter 4 Adjustments:**

    a. Five levels are added because the defendant egaged in a pattern of activity involving prohibited sexual conduct. See U.S.S.G. § 4B1.5(b)

    b. <u>Adjusted Offense Level</u>: The parties anticipate that the adjusted offense level is 40.

5. **Criminal History**

The defendant's criminal history will be determined by the United States Probation Office. The parties anticipate that the defendant criminal history category is I. The parties anticipate that the guideline sentencing range in this case will be 292 to 365 months.

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or adjustment based on defendant's post-plea obstruction of justice (§3C1.1) or defendant's cooperation (§5K1.1). Both parties agree not to move for, or argue

in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220 (2005).

The defendant is permitted to make an argument in mitigation pursuant to 18 U.S.C. § 3553, but in no event will the defendant attempt to argue for a sentence below the mandatory minimum sentence of 10 years imprisonment. The government specifically reserves the right to oppose any variance under 18 U.S.C. § 3553, and may respond to any argument for a variance made by the defendant. The government response may include the presentation of evidence at sentencing.

### VII. WAIVERS

#### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty she is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on her behalf; (e) to confront and cross-examine witnesses against her; and (f) not to be compelled to incriminate herself.

#### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal her guilty plea, conviction, and sentence. The defendant agrees as part of her plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 365 months. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also

gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate her plea, dismiss the underlying charges, or modify or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.

### C. Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///
///
///
///
///
///
///
///
///

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 4 SEPT 2014

MATTHEW SCOBLE
Counsel for Defendant

### B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 4 SEPT 2014

SHANNTAYE EBONY HICKS,
Defendant

### C. Attorney for United States

I accept and agree to this plea agreement on behalf of the government.

Dated: Sept 5, 2014

BENJAMIN B. WAGNER
United States Attorney

KYLE REARDON
Assistant United States Attorney

# EXHIBIT "A"

## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On or about February 14, 2013, the 16-year-old juvenile victim (JV1) ran away from home to be with the defendant. After several days together at a local motel, JV1 started working as a prostitute for the defendant. Prior to working for the defendant, JV1 had never been a prostitute. An advertisement for JV1 appeared on an internet prostitution website on March 4, 2013, in Sacramento, California. The phone number posted with this advertisement belonged to the defendant.

The defendant was aware of JV1's age. On March 13, 2013, JV1 was arrested in Oakland while working as a prostitute. During a recorded jail call between the defendant and in-cusotdy boyfriend, the defendant said that police arrested her "bitch," and that the Oakland police would likely send JV1 back to juvenile hall. The defendant also told her boyfriend that she and JV1 had just spoken about JV1 using an alias if she were arrested; the name that JV1 initially provided to Oakland police was that alias.

After returning from Oakland and being reunited with her mother, JV1 ran away again. Starting on March 14, 2013, online advertisements appeared showing JV1 working in San Jose and Oakland. The phone number posted on these advertisements belonged to the defendant.

On March 19, 2013, the defendant took a cell phone video of herself and JV1 engaged in sexually explicit conduct.

On March 20, 2013, the defendant drove JV1 from the Eastern District to Reno, Nevada. One reason for this trip was to have JV1 work as a prostitute for the defendant. Online advertisments for JV1 were posted in Reno; the contact number for these advertisements belonged to the defendant. In addition, surveillance video and credit card receipts show the defendant purchasing a hotel room at the Circus Circus Casino in Reno for the night of March 20, 2013.

FACTUAL BASIS - PLEA AGREEMENT
UNITED STATES V. HICKS
2:13-CR-0190 MCE

During the drive to Reno, JV1's mother called the defendant to ask about her daughter. The defendant told JV1's mother that she did not know where JV1 was but that she would help look for her. After this call, the defendant told JV1 that she needed to do something to get her mother off her back. At that point, the defendant and JV1 created a story that another pimp was controlling JV1.

After leaving Reno, Nevada, the defendant and JV1 traveled to Bakersfield, California. The defendant purchased a motel room for her and JV1 in Bakersfield for March 21, 2014. In Bakersfield, JV1 attempted to call an adult family member because she wanted to come home. After the defendant caught her using the phone without permission, JV1 lied and said that she was calling her sister. Because of this call, the defendant threatened to "kick her ass."

On March 22, 2014, the defendant and JV1 traveled from Bakersfield, California to Las Vegas, Nevada. One of the reasons for this trip was to have JV1 work as a prostitute for the defendant. The defendant rented a room for her and JV1 in Las Vegas, and posted online advertisements for JV1.

The defendant was JV1's pimp. In that role, the defendant posted advertisement for JV1, received phone calls and negotiated prices for JV1's services, transported JV1 to dates, and collected money that JV1 earned from those dates.

Recovered text messages from the defendant's phone confirm her role as JV1's pimp. Among those messages were the following:

1). That's a cheap hoe lol I don't let my birch bust dates for less then 80 so Im giving I a deal
2) You been to Vegas yet
3) I wnta take my bitch there
4) Well its me and my girl we be push n every were the money at we just left Hollywood naw we about to go to Vegas Im 23 yr old bad female I got a 2013 Charger
5) And if you interested you can rock with me and my girl no niggas involvd

In addition, at least three other females worked as prostitutes for the defendant. Two of these females were juveniles that the defendant recruited from K Street in downtown Sacramento. Juvenile Victims 2 and 3 worked for the defendant for several

A-2

FACTUAL BASIS - PLEA AGREEMENT
UNITED STATES V. HICKS
2:13-CR-0190 MCE

days before running away. Prior to working for the defendant, neither of these girls had worked as prostitutes. All of the money that JV1 and JV 2 made while prostituting went to the defendant. The defendant posted online advertisements for these juveniles, and rented the rooms in which they provided prostitution services.

In addition, Adult Victim (AV) 1 worked for the defendant occasionally over the course of 18 months. In a statement to law enforcement, AV1 said that she was beaten by the defendant for losing money, and other acts related her work as a prostitute for Hicks.

Text messages show the defendant attempting to recruit other females to work for her as a prostitute, including one message in which the defendant wrote, "[w]e need another solid bitch to rock."

The defendant was arrested by federal authorities on May 14, 2013. In a recorded jail call with her boyfriend, the defendant discussed the issue of whether or not JV1 was forced to be a prostitute for her. During this conversation, the defendant made mention of a video showing her and JV1 having sex. She also stated that a copy of this video was on a cell phone at her mother's house.

After listening to this call, law enforcement got a warrant for the defendant's mother's house to look for the recording. Nothing was found during that search. However, the following day, the defendant and her mother talked about the search. After hearing from her mother what the police were looking for, the defendant asked her mother to retrieve an SD card from a kitchen cabinet, and destroy it because it contained a copy of the video showing the defendant and JV1 having sex. After listening to this call, law enforcement obtained a second warrant. During execution of this warrant, law enforcement found the damaged SD card in a trash can that the defendant's mother's ha d destroyed and thrown away per the defendant's instructions. The card was unreadable and law enforcement was unable to obtain any evidence from it.

///

///

///

1     I have read and carefully reviewed the Factual Basis for Plea with my attorney. I
2 agree that as it concerns my conduct it is correct. I also agree that if this matter
3 proceeded to trial, the United States could establish each of the facts contained within the
4 Factual Basis for Plea beyond a reasonable doubt, and that those facts satisfy the
5 elements of the offense to which I am pleading guilty.

6 Dated: 4 SEPT 2014

/s/ Shanntaye Hicks
//SHANNTAYE EBONY HICKS
Defendant