BENJAMIN B. WAGNER
United States Attorney
ANDRÉ M. ESPINOSA
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
(916) 554-2700
(916) 554-2900 FAX

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-00190 MCE |
| Plaintiff, | |
| v. | **SENTENCING MEMORANDUM** |
| SHANNTAYE EBONY HICKS, | Date: April 23, 2015 |
| Defendant. | Time: 9:00 a.m.<br>Court: Hon. Morrison C. England, Jr., Chief Judge |

The United States of America, by and through its undersigned counsel, respectfully submits this Sentencing Memorandum. For the reasons that follow, the United States recommends that the Court sentence the defendant, Shannteye Ebony Hicks ("Defendant"), to a sentence of 292 months' imprisonment, to be followed by 60 months of supervised release, on each of Counts Two and Three, all to be served concurrently. The United States also recommends imposition of the special conditions recommended by the probation officer on pages twenty-two through twenty-four of the Presentence Report in this case. The United States' sentencing recommendation is consistent with the terms of the written plea agreement executed between the parties in this case and is sufficient but not greater than necessary to advance the goals and interests of the sentencing factors set forth in Title 18, United States Code § 3553(a).

I.   BACKGROUND

As the Court is aware, on September 5, 2014, Defendant pled guilty to Counts Two and Three of a Superseding Indictment that charged her with four counts of sex trafficking of a minor, or by force, fraud and coercion, in violation of 18 U.S.C. § 1591 (Counts One, Five, Six, and Seven ); two counts of transportation of a minor, in violation of 18 U.S.C. § 2423(a) (Counts Two and Three); one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) (Count Four); and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(2)(B) (Count Eight).  CR 16.  Pursuant to the plea agreement executed between the parties in this case, after the Court has imposed sentence, the United States will moved to dismiss without prejudice the remaining Counts of the Superseding Indictment.

II.   SENTENCING CALCULATION

A.   <u>Statutory Minimum and Maximum Sentence</u>

The maximum sentence that the Court can impose for each violation of 18 U.S.C. § 2423(a) is not less than 10 years and up to life imprisonment, a fine of $ 250,000, a term of supervised release of not less than five years and up to life, and a special assessment of $100.  Additionally, each of the two Counts to which Defendant has pled guilty carries a ten-year mandatory minimum sentence.

B.   <u>Guidelines Calculation</u>

The Guideline calculations offered by the Government and the United States Probation Office are not consistent.  The details of each calculation and the corresponding sentencing ranges are set forth in the discussion that follows.

1.   <u>The Plea Agreement</u>

In the written plea agreement executed by the parties, the United States and Defendant stipulated to the following Guideline calculation:

(i)   <u>Offense Level</u>:
   a.   <u>Base Offense Level</u>: The base offense level is 28.  <u>See</u> U.S.S.G. § 2G1.3(a)(3).

      b.    <u>Specific Offense Characteristics</u>:
          1)    Two levels are added because a participant unduly influenced a minor to engage in prohibited sexual conduct.  <u>Id.</u> at (b)(2)(B).

          2)    Two levels are added because the offense involved a commercial sex act.  <u>Id.</u> at (b)(4).

          3)    Four levels are added because the offense involved no fewer than four total victims.  <u>Id.</u> at (d)(1).[1]

(ii)    <u>Total Offense Level</u>: The total offense level is 36.

(iii)    <u>Chapter 3 Adjustments</u>:
      a.    <u>Acceptance of Responsibility</u>:  The government recommends a three-level reduction in offense level for Defendant's acceptance of responsibility as defined in U.S.S.G. § 3E1.1.

      b.    Two levels are added because the defendant obstructed justice.  <u>See</u> U.S.S.G. § 3C1.1.

(iv)    <u>Chapter 4 Adjustments</u>:
      a.    Five levels are added because the defendant engaged in a pattern of activity involving prohibited sexual conduct.  See U.S.S.G. § 4B1.5(b).

      b.    Adjusted Offense Level: The parties anticipate that the adjusted offense level is 40.

In the written plea agreement, the parties agreed to leave determination of Defendant's criminal history category ("CHC") to the United States Probation Office (the "USPO").  As set forth below, the USPO has concluded that Defendant has no scoring prior criminal convictions and thus falls into CHC I.  Based on a CHC I and an Adjusted Offense Level 40, the applicable sentencing range, pursuant to the plea agreement, is 292 to 365 months' imprisonment.

---

[1] While there is no dispute that U.S.S.G. § 2G1.3(d)(1) applies in this case, it was not applied correctly in the written plea agreement.  The result is a miscalculation of the Adjusted Offense Level.  The United States stands by the terms of the plea agreement, notwithstanding any error.  However, in accord with its duty of candor to the Court, the United States acknowledges the misapplication of U.S.S.G. § 2G1.3(d)(1) in the plea agreement.  Nevertheless, as set forth herein, the United States unequivocally urges the Court to impose a sentence consistent with the negotiated terms of the plea agreement.

2.     <u>The Guideline Calculation in the Presentence Report</u>

The United States Probation Office has prepared a Presentence Report (the "PSR") to assist the Court in imposing sentence. CR54. The PSR includes a Guideline calculation that appears to correctly apply U.S.S.G. § 2G1.3(d)(1), which requires that the facts supporting the charges in Counts 2 and 3 be grouped pursuant to U.S.S.G. §3D1.2(b). <u>See</u> PSR at ¶ 34. Specifically, U.S.S.G. §2G1.3(d)(1) states: "If the offense involved more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the persuasion, enticement, coercion, travel, or transportation to engage in a commercial sex act or prohibited sexual conduct of each victim had been contained in a separate count of conviction." The USPO concluded that:

> As there were three additional minor victims the defendant recruited to work for her as prostitutes, three additional count groups, one for each victim, will be utilized to determine the total offense level. Therefore, the calculations will be shown in four groups and the total offense will then be determined using the multiple count adjustment rules pursuant to USSG §§301.4 and 3D 1.5.

PSR at ¶ 34. Pursuant to U.S.S.G. §3D1.2(b), the USPO calculated the following Adjusted Offense Levels ("AOL") for each of the four groups: (i) Group One: AOL 36; (ii) Group Two: AOL 32; (iii) Group Three: AOL 32; and (iv) Group Four: AOL 32. <u>See</u> PSR at ¶¶ 35-63.

Thereafter, pursuant to U.S.S.G. §3D1.4, the USPO applied the Multiple Count unit adjustments, adding 4 points to AOL 36 (the highest AOL from among the four groups) and reached a Combined Adjusted Offense Level of 40. <u>See</u> PSR at ¶¶ 64-67. The USPO then applied the five-level enhancement under U.S.S.G. § 4B1.5(b) because Defendant engaged in a pattern of activity involving prohibited sexual conduct, and a three-level reduction under U.S.S.G. § 3E1.1 because of Defendant's acceptance of responsibility. PSR at ¶¶ 68-70. Thus, the USPO reached a Total Offense Level of 42. PSR at ¶ 71.

//

//

3. <u>The Criminal History Calculation in the Presentence Report</u>

The PSR includes a discussion of Defendant's two juvenile convictions, her single adult conviction for evasion for payment of fares, Defendant's seven arrests as an adult between 2008 and 2013, and three minor criminal matters currently pending against Defendant. <u>See</u> PSR at ¶¶ 73-88. However, because Defendant's lone adult conviction does not score, USPO calculated Defendant's CHC as I. PSR at ¶ 77.

III. <u>U.S. PROBATION OFFICE'S SENTENCE RECOMMENDATION</u>

The result of the USPO Guideline and CHC calculations is a sentencing range of 360 months to life in prison. PSR at pg. 21. The USPO has recommended a variance from that sentencing range based on Defendant's history and characteristics. <u>See</u> PSR at ¶ 134 and pg. 21. With respect to each of Counts Two and Three, the USPO recommends a sentence of 210 months in prison and 60 months on Supervised Release, to run concurrently. The USPO recommendation constitutes a variance of 150 months (approximately 12 years and 5 months) less than the bottom of the sentencing range established by the Guideline calculation in the PSR. The USPO also recommends that Defendant be ordered to comply with certain special conditions of Supervised Release. <u>See</u> PSR at ppg. 22-24.

IV. <u>GOVERNMENT'S SENTENCE RECOMMENDATION</u>

As set forth in more detail below, the United States respectfully recommends that, on each of Counts Two and Three, the Court sentence Defendant to 292 months' imprisonment, to be followed by 60 months of supervised release, all to be served concurrently. The United States also recommends imposition of the special conditions recommended by the USPO on pages twenty-two through twenty-four of the PSR. The United States' sentencing recommendation is consistent with the terms of the written plea agreement executed between the parties in this case and is sufficient but not greater than necessary to advance the goals and interests of the sentencing factors set forth in Title 18, United States Code § 3553(a).

The United States disagrees with the USPO recommendation that the Court

sentence Defendant to 210 months in prison.  The United States is aware of Defendant's history and characteristics.  See PSR at ¶¶ 90-111.  That background, while undeniably sad, does not mitigate the severity of the criminal conduct in which Defendant has engaged in this case.  Nor can it justify a reduction of 82 months (6 years and 8 months) from the low end of the sentencing range resulting from the Guideline calculation in the written plea agreement between the parties.

### A. The Nature, Circumstance, and Seriousness of the Defendant's Offense

The Government submits that a sentence of no less than 292 months in custody is reasonable and no more than necessary to advance the goals and interests of the factors enumerated in 18 U.S.C. § 3553(a).  First, the nature, circumstances, and seriousness of Defendant's crimes are difficult to overstate.  See PSR at ¶¶ 28.  Even in summary, Defendant's criminal conduct is as shocking as if set out in granular detail.  The highlights are a horror-show of disturbing child exploitation and willful criminal conduct:

- Defendant was an experienced prostitute who recruited at least four teenaged victims (ages 13, 16, 16, and 17) to work as prostitutes;

- Defendant acted as a pimp for those teenaged victims;

- Defendant posted advertisements soliciting customers to have sex with those teenaged victims;

- Defendant received telephone calls from and negotiating prices with potential customers seeking to engage in the advertised sex acts with those teenaged victims ($80 for oral sex; $100 for a half hour; $150 for an hour; and $200 for anal sex);

- Defendant transported those teenaged victims to meetings to engage in sex acts with paying customers;

- Defendant collected money from those teenaged victims after they performed sex acts with paying customers;

- Defendant targeted vulnerable minor victims, some of whom were runaways;

- Defendant befriended those teenaged victims and induced them to engage in sex acts with strangers by providing those teenaged victims with drugs and alcohol;

- Defendant transported one of her teenaged victims to several cities in California and Nevada for the purpose of prostitution;

- Defendant engaged in sexual conduct with at least one of her teenaged victims and recorded that sexual conduct with a smart phone;

- Defendant threated at least one of her teenaged victims who attempted to flee from Defendant's control;

- Defendant possessed a handgun in the presence of several of her teenaged victims; and

- When Defendant learned that she was under investigation for her criminal conduct, she obstructed justice by causing her mother to destroy evidence in the form of an SD card containing a video-recording of Defendant having sex with one of her teenaged victims.

By any standard, Defendant's criminal conduct, including her knowing efforts to obstruct justice and frustrate law enforcement agents' investigation of her criminal conduct, is severe. Indeed, only a small number of child exploitation cases in this district include conduct as lurid, willful, and disturbing as is present in this case. A sentence of 292 months in custody is sufficient but not greater than necessary to account for the disturbing nature and circumstances of Defendant's crimes and their seriousness. See 18 U.S.C. § 3553(a)(1) and (a)(2)(A).

B.      The Need to Promote Respect for the Law and Provide Just Punishment

Second, a sentence of 292 months in custody is sufficient but not greater than necessary to promote respect for the law and to provide just punishment for Defendant's crimes. See 18 U.S.C. 3553(a)(2)(A). The brazen nature of Defendant's criminal conduct, including her efforts to obstruct justice, signals her deep lack of respect for the laws of the United States and its law enforcement agents. Indeed, Defendant's operation of a multi-state teenaged prostitution business, involving at least four teenaged victims — including one as young as 13 years old — makes clear that Defendant was willing to gamble that she could disregard the law with impunity and, if she was ever caught, that she would not suffer significant punishment as a result of her criminal conduct.

### C. The Need to Provide Deterrence, and to Protect the Public from Further Criminal Conduct by Defendant

Third, a sentence of 292 months in custody is sufficient but not greater than necessary to provide specific and general deterrence to Defendant and others who might contemplate participation in a similarly brazen and outrageous course of criminal conduct, and to protect the public from further criminal conduct by Defendant. See 18 U.S.C. § 3553(a)(2)(B) and (C). While Defendant has no significant criminal history, her record is marked by a seemingly chronic stream of arrests for minor violations, which take place throughout her adult life. Defendant's string of seven arrests between 2008 and 2013 and the three minor criminal matters currently pending against Defendant, foreshadow the theme of the conduct that has resulted in her appearance before this Court on these charges. That is, Defendant appears to prefer to reserve to her own judgment which laws matter and which laws don't; which laws she will follow and which laws she will ignore. Defendant's conduct demonstrates that she will simply do as she pleases, notwithstanding the dictates of the law.

Further, it is striking that Defendant's has now graduated from minor criminal violations to the very serious criminal conduct in this case. Indeed, the seriousness of Defendant's criminal conduct in this matter – including, among many other things, the sexual exploitation of a 13-year old girl who Defendant induced to engage in sex with a customer for $59 in a roadside motel room – portends even worse conduct in the future. Accordingly, the need for specific deterrence and to protect the public from further crimes by Defendant is high. Likewise, a sentence of 292 months will advance the goal of providing general deterrence to others who might be inclined to engage in criminal conduct similar to Defendant's criminal conduct.

### V. CONCLUSION

For the foregoing reasons, the United States respectfully recommends that, on each of Counts Two and Three, the Court sentence Defendant to 292 months imprisonment, to be followed by 60 months of supervised release, all to be served concurrently. The United States also recommends imposition of the special conditions recommended by the USPO

8                    Sentencing Memorandum
                     United States v. Hicks
                     2:13-CR-00190 MCE

on pages twenty-two through twenty-four of the PSR.  In any event, the Court should not impose a sentence below the statutory mandatory minimum sentence of 10 years in prison, which applies to both Counts of conviction.

DATED: April 15, 2015                              Respectfully Submitted,

                                                  BENJAMIN B. WAGNER
                                                  United States Attorney
                                        By:
                                                  /s/ André M. Espinosa
                                                  ANDRÉ M. ESPINOSA
                                                  Assistant U.S. Attorney